## HARGRAVES v FLORIDA HIGH SCHOOL ACTIVITIES ASSN., INC., etc.

### Case No. 90-4909-CA-01

Twelfth Judicial Circuit, Sarasota County

October 1, 1990

**APPEARANCES OF COUNSEL**

W. Russell Snyder, Esquire, Snyder & Groner, for plaintiff.

Leonard E. Ireland, Esquire, Clayton, Johnson et al., for defendant.

**OPINION OF THE COURT**

GILBERT A. SMITH, Circuit Judge.

*ORDER DENYING PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF*

This matter came before the court on the complaint for injunctive relief filed by Eric James Hargraves ("Hargraves") against the Florida High School Activities Association ("FHSAA"). The suit was filed

after FHSAA found Hargraves ineligible to compete in high school athletics during the 1990-91 school year, based on Article 19, "Eligibility of Athletes," of the FHSAA by-laws. The court has carefully considered the complaint, reviewed the parties' written arguments and the cited cases, conducted an evidentiary hearing on the issues, and is otherwise fully advised in the premises.

The facts in this matter are essentially undisputed. Hargraves was a student at Venice High School who withdrew from school during his junior year, in December 1988. Hargraves reentered school during the 1989-90 school year, at which time he participated in one high school football game and on the school's wrestling team. When Hargraves commenced his senior year during the 1990-91 school year, he was deemed ineligible to participate in high school athletics under the bylaws of FHSAA.

FHSAA bylaws regarding eligibility state:

The limit of eligibility for each student shall be three consecutive years from the time the student enters the tenth grade. Three years from the date he or she enters the tenth grade he or she shall become ineligible for further interscholastic athletic competition. A student may participate in interscholastic athletic competition only one year as a ninth grade student.

*Note 1:* This regulation does not state or imply that a student is entitled to three years of athletic participation. Bylaws of FHSAA, 19-5-1, *Limit of Eligibility* Students who have become ineligible through undue hardship are entitled to present their case to the FHSAA for a ruling. If the FHSAA deems such a hardship to exist, then the limit is waived.

Hargraves petitioned the FHSAA for a hardship waiver to Article 19. The FHSAA heard his petition on August 31, 1990. Hargraves' petition was denied by letter dated September 4, 1990. From that denial this suit has arisen.

Hargraves makes the following legal arguments:

1. that the FHSAA "has never established proper written guidelines for use in 'undue hardship' applications, such matters being left truly to the discretion of its executive committee." *See,* Paragraph 23 of the Complaint.

2. that the refusal to grant him an exemption is "an arbitrary and capricious application of the Bylaws . . . not supported by competent substantial evidence since no evidence was presented to counter the Plaintiff's factual claims." *See,* Paragraph 25 of the Complaint.

3. that the actions of the FHSAA are "state actions." *See,* Paragraph 28 of the Complaint.

4. that the FHSAA lacks te power to enforce its eligibility rules under the facts of Hargraves' situation "when the application of Defendant's Bylaws and exemption decisions are detrimental to the scholastic and social progress of the student." *See,* Paragraph 29 of the Complaint.

Hargraves' argument, though not stated in so many words, implies that the action of the FHSAA in this situation was unconstitutional. Case law has made it clear that the actions of this association are state actions, and thus are subject to constitutional analysis. The Florida Supreme Court has held that FHSAA's promulgation and adoption of rules are considered state action. *Florida High School Activities Association, Inc. v Thomas,* 434 So.2d 306, 308 (Fla. 1983).

The Florida Supreme Court also has made it clear that there is no constitutional right to participate in high school athletics, and that actions of the FHSAA are to be analyzed under the "rational basis" standard. *Id.* Under this standard, the court may only inquire whether it is conceivable that the disputed rules bear a rational relationship to a legitimate state purpose. The burden is on the moving party to show that no conceivable factual basis for this ruling exists. If the party cannot meet this difficult burden, then the ruling will be sustained. *Id.*

The purposes of the FHSAA's eligibility rules as set forth in Article 19 are: 1) to promote academic achievement, and 2) to encourage students to advance with their graduating class.

Hargraves has made no showing that limiting a student's eligibility to three consecutive years after entering the tenth grade does not further these purposes. His argument is limited to the perceived harshness of the rule when applied to his particular situation. While Hargraves' circumstances may be deserving of sympathy, sympathy alone is no basis for judicial interference with the decision-making authority of a state actor. *Florida High School Activities Association, Inc. v Bradshaw,* 369 So.2d 398, 401 (Fla. 2d DCA 1979).

All the court may decide is the narrow question of whether it is conceivable that the eligibility limits would rationally further the above-stated purposes of the FHSAA. *See, FHSAA v Thomas,* 434 So.2d at 308-09. Whether or not the eligibility limits are the most effective means of furthering the FHSAA's purposes is not for the court to decide. The court has no hesitation in finding that it is conceivable the eligibility limits further the FHSAA's stated purposes

of promoting academic achievement and encouraging students to advance with their graduating class.

Hargraves' argument that the decision denying him an exemption is arbitrary and capricious is another way of stating that he was denied due process by the FHSAA. The court finds that Hargraves was given the opportunity to present his case in person before the executive committee of the FHSAA on August 31, 1990. Procedural due process has been defined as notice reasonably calculated under the circumstances and an opportunity to be heard. *Mullane v Central Hanover Bank & Trust,* 339 U.S. 306 (1950). Hargraves has presented nothing to this court to show these elements were missing from his hearing. He presented his case in person to the committee and the FHSAA's subsequent decision to deny his request for a hardship exemption was not an arbitrary and capricious application of the bylaws.

If a remedy is required for situations such as Hargraves', it must come from the member schools of the FHSAA, including Venice High School, who have the power to change their bylaws through initiative. *See, FHSAA v Bradshaw,* 369 So.2d at 403.

It is therefore ORDERED AND ADJUDGED that the plaintiff's complaint for injunctive relief is denied.

DONE AND ORDERED in Chambers in Sarasota County, Florida, this 1st day of October, 1990.